## HENRY H. BROWN & another *vs.* MOSES G. HOWE.

If the original count in a declaration sets forth a written contract, by which the defendants agreed that the plaintiffs should have the exclusive right to manufacture certain machines for them, and that they would pay therefor a certain sum for each machine delivered at a specified place, and alleges a breach of the contract by a neglect and refusal to pay for the machines so delivered, and for the work and materials furnished by the plaintiffs to the defendants, and a bill of particulars is filed with the writ, the items of which are for machines, and work, materials and incidental expenses in making such machines, the subsequent filing of an additional count for work done and materials found, corresponding with the bill of particulars, does not introduce a new cause of action which will discharge the bail of the defendants, although no notice thereof was given to the bail.

SCIRE FACIAS against bail. The only question was, whether the defendant was discharged as bail by the filing of a new count in the original action, after entry, and without notice to him. The following facts were agreed:

The original count in that action set forth that the defendants therein, Jenks & Underwood, for whom the present defendant was bail, entered into a written contract with the plaintiffs, a copy of which was annexed, dated June 28, 1858, by which they agreed that the plaintiffs should have the exclusive right to manufacture certain sewing machines, and that the defendants would pay eight dollars for each machine delivered at the depot in Fisherville, New Hampshire; and the plaintiffs were to manufacture the same in a certain manner therein specified; and they accordingly manufactured, in the manner specified, and delivered at the depot in Fisherville, one hundred machines, and the defendants neglected and refused to pay for the same, and for the work

and materials furnished by the plaintiffs to the defendant. A bill of particulars amounting to $538.47, which was not referred to in the declaration, was filed with the writ, containing various items for complete sewing machines, and work, materials and incidental expenses in making sewing machines, the first item being under date of June 26, 1858, for five days' work. After the defendants' answer was filed, the plaintiffs by consent, and without notice to the present defendant, filed an additional count, as follows : " Also for that the said defendants owe them the sum of $538.47, for work done and materials found by the plaintiffs for the defendants, it being for the same cause of action ; " and they afterwards had leave to strike out the words, " it being for the same cause of action." That action was tried upon the writ so amended, and judgment rendered therein for the plaintiffs.

On these facts, judgment was rendered in the superior court for the plaintiffs, and the defendant appealed to this court.

*M. G. Howe, pro se.*

*A. R. Brown,* for the plaintiffs.

CHAPMAN, J. The question presented by this case is, whether the filing of the plaintiffs' second count in their action against Jenks and Underwood, for whom the defendant was bail, operated to discharge him from his liability. The count was filed by leave of court, after entry of the action ; and if it introduced into the record a new cause of action, the defendant is discharged ; for the plaintiffs recovered on that count, and the amendment was allowed without giving notice to the bail, according to the provisions of Gen. Sts. *c.* 129, § 82. The question is to be determined by an examination of the record.

If we take the bill of particulars which was filed at the entry of the writ as a statement of the cause of action, the new count did not introduce a new cause ; for it contained nothing that was not stated in the bill of particulars. On this point the statute provision is quite liberal. " The cause of action shall be deemed to be the same for which the action was brought, when it shall be made to appear to the court that it is the cause of action relied on by the plaintiff when the action was

commenced, however the same may be misdescribed." Gen. Sts. *c.* 129, § 82. As the bill of particulars is the statement which the plaintiff furnishes to his counsel to be declared upon, it is reasonable to regard it as the cause relied on, though the declaration may misdescribe the claim.

But in this case the plaintiffs had also a written contract, which they furnished to be annexed to the declaration, as the foundation of their claim; and the original count was for a breach of this contract merely. By this contract, the plaintiffs were to make for Jenks & Underwood certain sewing machines, and deliver them at the depot at Fisherville; but they were not to be delivered till the money was furnished to pay for them. The first count alleges the performance of the contract by the plaintiffs, by the making of a number of the machines and delivering them at the depot, but that Jenks & Underwood had not paid the money. It further avers that they refused to pay the plaintiffs any money due and payable to them for the machines " and for the work and materials furnished by the plaintiffs to the defendants."

From this last averment, taken in connection with the bill of particulars, it is apparent that the plaintiffs claimed that by the refusal of Jenks & Underwood to pay the money, as stipulated in their contract, the plaintiffs were released from all obligation to proceed further in the manufacture of the machines, and that they were entitled to recover, not only for the machines delivered at the depot, but for the labor and materials which had been expended upon the preparation of other machines not yet delivered nor ready for delivery. This view of their rights under the contract is undoubtedly correct. And they might recover for the work and materials by a proper allegation in the special count upon the contract; or they would be remitted to a *quantum meruit* for the labor and materials, and might recover for them under a general count. The first count is defective in not stating what the work and materials referred to were. It would be proper to cure this defect, either by additional averments in that count or by filing a general count. The latter course was adopted, and it was the preferable course, because it

treated the contract as no longer executory, and simply claimed compensation for what the plaintiffs had done, as stated in the bill of particulars.

It is objected that two of the charges in the bill of particulars are before the date of the contract, and therefore could not be recovered under the contract; and that as these were recovered under the general count, it is certain that they constitute a new cause of action. But this is not apparent. If these items were for work and materials that entered into the construction of these machines, the amount might have been recovered in the count upon the contract, although the work was begun before the contract was made. It appears that the general count, when filed, contained the words, "it being for the same cause of action," and that these words were afterwards stricken out on motion of the plaintiffs. It is said that this tends to prove that the cause of action was not the same. But the words have no legal effect, and are immaterial. The question whether the cause of action in the two counts is the same must depend on considerations entirely independent of such an averment. It is necessary to look into the nature and character of the claim, and all its items, and compare them with the two counts. And it appears by such an investigation that, under our present statutes, no new cause of action was contained in the second count. Under the former system of pleading the result would have been the same. *Ball* v. *Claflin*, 5 Pick. 303. *Swan* v. *Nesmith*, 7 Pick. 220. *Miller* v. *Clark*, 8 Pick. 412. *Smith* v. *Palmer*, 6 Cush. 519.                   *Judgment for the plaintiffs.*